NO. 07-01-0137-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 17, 2003

_____

IN THE MATTER OF J.A.W.

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF BRAZORIA COUNTY;

NO. 7995B; HON. JAMES BLACKSTOCK, PRESIDING

_____

***Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant, J.A.W., a minor, appeals an order committing him to the Texas Youth

Commission (TYC) for an indeterminate period not to exceed his 21st birthday. Via six

issues, appellant complains that 1) the evidence was legally and factually insufficient; 2)

the trial court erred by admitting the victim's out-of-court written statement into evidence;

3) he received ineffective assistance of counsel; 4) fundamental error occurred when the

victim's out-of-court statement was admitted into evidence for all purposes; and 5) the trial

court erred by "admitting, as well as considering," inadmissible evidence concerning his

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

probation in Matagorda County. We reverse and render judgment dismissing the cause with prejudice.

## Background

Because appellant has challenged the sufficiency of the evidence, we will set forth the relevant facts adduced at trial. The State filed a petition in which it alleged that appellant had committed robbery and aggravated robbery on two separate dates. The victim named was Arre Daniel Thomas (Thomas). At trial, Thomas testified that on September 25, 2000, he was asleep in his home which is located behind his place of business, H.K. Grocery. Thomas was awakened by appellant who had entered his abode and began striking him, demanding money. Eventually appellant left and Thomas noticed money he believed to be on a table was gone. However, he did not see appellant take the money and he was not sure that the money had been left on the table.

On the following day, September 26, 2000, Thomas was working at the front of the grocery store when he saw appellant with a knife and he was "striking" the concrete with it. Thomas became afraid and went to the back of the store. Appellant followed him and demanded his money. According to Thomas, appellant also threatened him by saying: "I will beat you worse than I did yesterday." In a statement given to the police, Thomas advised that appellant pulled a yellow-handled knife on him. However, at trial, Thomas insisted that he did not see and appellant did not pull a knife during the incident at the back of the store.

Next, Thomas testified that he ran to a service station wherein he encountered Kenneth Davis (Davis), an employee. Davis called the police for Thomas and advised that

2

he had been robbed and that the robber had pulled a knife. Upon arrival, Detective Worsham (Worsham) was advised that appellant pulled a knife on Thomas and demanded money. The two drove around to see if Thomas could point appellant out to the detective. Later, appellant was found and arrested. Thomas gave Worsham a written statement which was introduced at trial.

In his defense, appellant called three witnesses. The first person, Johnnie Lewis (Lewis), testified that Thomas advised him that Thomas had identified the wrong person. The next witness, Lacey Goodrum (Lacey), testified that she had been with appellant the morning of the 26th around 9:00 a.m. to 11:00 a.m. She further testified that she never saw appellant with a knife.

Thereafter, the trial court read its charge to the jury. It asked the jury to determine the truthfulness of two accusations. The first involved the purported robbery that occurred on September 25, 2000. The second involved the allegation that appellant committed aggravated robbery upon Thomas on September 26, 2000. The aggravated robbery described to the jury consisted of appellant robbing Thomas while using or exhibiting a deadly weapon. The jury found the first accusation "not true" and the second "true." Afterwards, a disposition hearing was held by the judge. A pre-disposition report was prepared wherein information regarding appellant's Matagorda probation, among other offenses, was introduced. The trial court committed appellant to the TYC for an indeterminate period not to exceed his 21st birthday. A motion for new trial was filed and a hearing was held. The trial court denied the motion, and appellant timely noticed his appeal.

3

### *Issues One and Two - Legal and Factual Insufficiency*

In his first two issues, appellant contends that the evidence is both legally and factually insufficient. That is, attack is made upon the element of the offense concerning the use or exhibition of a deadly weapon during the commission of the offense. According to appellant, the State failed to prove that he did so. We sustain the contention.

*Standard of Review*

In reviewing a legal sufficiency point, the appellate court "must consider only the evidence and inferences tending to support the findings of the juvenile court." *In re Garza*, 984 S.W.2d 344, 346 (Tex. App.--Amarillo 1998, no pet.). Under this test, evidence and inferences tending to contradict those findings are disregarded. *Id.* However, in assessing whether the evidence is factually sufficient, the court's focus is not so restricted. The question that it must answer in a juvenile case is whether the record, considered as a whole, shows that the State sustained its burden to prove beyond a reasonable doubt that the accused engaged in delinquent conduct. *Id*. Thus, we must consider all the evidence in making our determination. *Id.*

Furthermore, for one to be guilty of aggravated robbery, one must, in the course of committing theft and with the intent to obtain or maintain control of property, knowingly or intentionally threaten or place another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. §29.02 (Vernon 1994). In addition, the State must also prove an aggravating element. That relied upon at bar and submitted to the jury was that involving the use or exhibition of a deadly weapon during the course of the robbery. TEX. PEN. CODE ANN. §29.03 (Vernon 1994). With this said, we now turn to the issues at hand.

4

*Application of Standard*

From the recitation of the evidence mentioned above, we conclude that some evidence appears of record illustrating that a robbery occurred and that appellant "pulled" a knife on Thomas while committing the robbery. However, we are troubled by the lack of any evidence regarding the size, shape, and sharpness of the knife. No one presented any evidence touching upon those issues. Rather, the evidence simply describes the weapon used to prove the aggravating element of the charge as a "knife."

It has long been the law of Texas that a knife is not a deadly weapon *per se*. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) (reversing and rendering a judgment of acquittal in absence of any evidence illustrating the knife to be a deadly weapon); *Hatchett v. State*, 930 S.W.2d 844, 848 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd). Thus, it is incumbent upon the State to prove that the knife constituted a deadly weapon by showing its size, shape and sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury. *Blain v. State*, 647 S.W.2d at 294. And, while the instrument may have been brandished and may have placed the victim in fear, that alone is not enough to establish it as a deadly weapon. *Id.*

Here, the record before us simply evinces that the knife was brandished and Thomas was scared. Again, nothing describes the weapon's shape, size, sharpness, or capacity to produce death or serious bodily injury. Furthermore, the police did not find the weapon allegedly used by appellant; so, it was not admitted into evidence. Nor was a facsimile tendered. Also absent was any description of how appellant used the knife, other than the statement that he "pulled" it. Similarly, nothing was said of the proximity of

5

appellant to Thomas when the knife was pulled, other than that they were behind the store. Whatever the distance, however, it was far enough to allow appellant to run away unhurt. And, that appellant verbally threatened Thomas is of little import since the threat consisted of the representation that he would "beat" Thomas as opposed to cut or stab him. Under these circumstances, we hold that no evidence supports the jury's determination that appellant used or exhibited a deadly weapon in the robbery.

Finally, because no one sought and the trial court did not submit an instruction on the lesser-included offense of robbery *viz* the September 26th incident, we cannot modify the judgment to find appellant culpable of that lesser offense. *See Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999) (in which a plurality of the court, joined with a concurring judge, concluded that a court of appeals could not render a judgment upon a lesser-included offense in the absence of a jury instruction on that offense). Accordingly, we reverse the judgment of the juvenile court and render judgment dismissing the case with prejudice. TEX. FAM. CODE ANN. §54.03(g) (Vernon 2002) (requiring the case to be dismissed with prejudice if the trial court or jury found that the minor did not engage in delinquent conduct); TEX. R. APP. P. 43.3 (requiring an appellate court to enter the judgment which the trial court should have entered). Our holding obviates the need to address any other issue raised by appellant.

Brian Quinn
Justice