NO. 07-03-0229-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 12, 2004



______________________________




APRIL SOUND MANAGEMENT CORP., APPELLANT



V.



CONCERNED PROPERTY OWNERS FOR APRIL SOUND, INC., 


A TEXAS NON-PROFIT CORPORATION AND DEVELOPER FOR


APRIL SOUND SUBDIVISION, APPELLEE



_________________________________



FROM THE 221
ST DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-03-01815-CV; HONORABLE SUZANNE STOVALL, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


ON MOTION FOR REHEARING


 Remaining convinced that our original disposition was correct, the motion for rehearing
of Concerned Property Owners for April Sound, Inc., is overruled with the following comments.

 By its motion for rehearing, Concerned Property Owners for April Sound, Inc., contends
that our opinion of March 23, 2004, erroneously suggests that (1) April Sound Country Club
Corporation and the April Sound Recreational Corporation are or were the same entity and
(2) the original developer of the April Sound Subdivision, Southwest Savings, transferred its
rights in the "Management Fund" to April Sound Recreational Corporation. By its response,
although arguing that the opinion could be read otherwise, April Sound Management Corp.
acknowledges that (1) April Sound Country Club Corporation and April Sound Recreational
Corporation are different entities, and (2) Southwest Savings (United Savings) transferred its
rights in the Maintenance Fund to April Sound Recreational Corp. 

 By our original opinion, we reversed the summary judgment and remanded the case
to the trial court holding that it erred in denying the plea in abatement of Management Corp.,
but we did not address the merits of the motion for summary judgment. Considering the
response of April Sound Management Corp. and that the references to historical events or the
status or identity of parties did not have any substantive impact on our decision regarding the
plea in abatement, any inference or suggestion presented by Concerned Property Owners for
April Sound, Inc., should not be considered to be a holding of fact by this Court contrary to the
official public records of Montgomery County or the record to be shown upon a trial on the
merits of the various claims. 

 Accordingly, the motion for rehearing is overruled.

 Don H. Reavis

 Justice

 



 






;                                                              Appellee
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18139-C; HON. ANA ESTEVEZ, PRESIDING
_______________________________

Memorandum Opinion
______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
          Appellant Derek Wayne Montez challenges the factual sufficiency of the evidence
convicting him of robbery.


 We affirm the judgment. 
          Background  
          On June 11, 2006, Bobby Wayne Stubblefield was working as a loss prevention
supervisor at the J. C. Penney’s store in Amarillo. He observed appellant roll up seven
shirts, wrap them in a pair of jeans, tuck the items in his pants, and exit the south door.
Stubblefield followed appellant who observed Stubblefield and then pulled a box cutter
from his pocket with the blade extended and stared at Stubblefield. At that point,
Stubblefield opted to cease his pursuit of appellant. 
          Standard of Review
          We review the legal and factual sufficiency of the evidence under the standards
specified in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006), respectively. The parties are
referred to those cases. 
          Next, appellant was charged with aggravated robbery by use or exhibition of a
deadly weapon. Tex. Pen. Code Ann. §29.03(a)(2) (Vernon 2003). However, he was
convicted of the lesser-included offense of robbery by intentionally or knowingly threatening
or placing another in fear of imminent bodily injury or death. Id. §29.02(a)(2). Appellant
contends there was no actual or threatened violence and, because the jury failed to find
that he used or exhibited a deadly weapon, there was insufficient evidence to show that
Stubblefield was threatened or placed in fear of imminent bodily injury or death. We
disagree.
          Initially, we note that the statute does not require one to be threatened with serious
bodily injury or death to be convicted of robbery. See id. §1.07(a)(17) (A) and (B) (Vernon
Supp. 2007) (defining a deadly weapon as required for aggravated robbery to be one made
for the purpose of inflicting or one that is capable of causing death or serious bodily injury);
see also In re J.A.W., 108 S.W.3d 573, 576 (Tex. App.–Amarillo 2003, no pet.) (stating that
a knife can be brandished and place a victim in fear without being a deadly weapon). It is
sufficient to constitute robbery if the accused places the complainant in fear of bodily injury
to the degree that reason and common experience will induce the complainant to part with
his property against his will. Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). 
Moreover, threats can be communicated by not only words but by actions and conduct. 
McGowan v. State, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984); see also Wilmeth v.
State, 808 S.W.2d 703, 706 (Tex. App.–Tyler 1991, no pet.) (holding that the jury may find
the requisite fear from a menacing glance and a hand gesture even when no verbal threats
are made). Thus, we must determine whether the conduct of appellant was sufficient to
place a reasonable person in fear of imminent bodily injury. Welch v. State, 880 S.W.2d
225, 226 (Tex. App.–Austin 1994, no pet.). 
          Stubblefield testified that appellant, who was in a fast walk, looked at him at least
twice before pulling out the box cutter, and that he “extended the knife out of the box cutter
and . . . held it to his right side and up a little to where [Stubblefield] could see it and turned
towards [Stubblefield] and . . . stared into [his] eyes.” Stubblefield stopped because he
felt his life would be in danger if he got any closer to appellant and he thought appellant
“would use that [the box cutter] on [him]” if he tried to stop appellant. Although Stubblefield
was 10-15 feet behind appellant at the time the box cutter was drawn, two police officers
testified they were trained that if someone has a straight-edged weapon, it would take an
officer 21 feet to react to defend himself from that weapon if he did not already have a
weapon drawn. An officer also testified he was trained that sharp-edged weapons are
dangerous and a slicing motion can cause more damage than some puncture motions. 
          We believe a reasonable person in Stubblefield’s position would have been in fear
of imminent bodily injury based on this evidence, and that such conduct on the part of
appellant induced Stubblefield to end his pursuit of appellant. See Liggens v. State, 50
S.W.3d 657, 661 (Tex. App.–Fort Worth 2001, pet. ref’d) (finding the evidence factually
sufficient when the defendant placed a store employee in fear of imminent bodily injury
when the defendant started his car, looked right at the employee, “gassed” the car, and the
employee believed he was going to get hurt if he didn’t move). In short, the evidence, as
tested under the standards of Jackson and Watson is both legally and factually sufficient
to sustain the conviction. Not only does some evidence exist upon which a reasonable
factfinder could conclude, beyond reasonable doubt, that appellant committed the
elements of robbery but also that conclusion is neither supported by weak evidence,
manifestly unjust, or undermined when tested against the record as a whole. 
          The judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.