NO. 07-04-0266-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 19, 2006


______________________________


 

BRENT ALLEN DAVIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 4614; HONORABLE DAVID M. MCCOY, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

OPINION


 Brent Allen Davis brings this appeal from his conviction of the felony offense of
escape. Punishment, enhanced by a finding appellant used a deadly weapon, was
assessed at fifty-five years confinement and a $10,000 fine. He complains of the trial
court's denial of his motion to sever trial of his case from that of a codefendant and
challenges the factual sufficiency of the evidence to support the jury's deadly weapon
finding. We reverse and remand for a new trial.

 In September 2003 appellant was held in the Childress County jail charged with a
felony offense. He shared cell 5 with James Lee. On September 19, Jerry Miller was
placed in the same cell. A fourth inmate, Jack Sapp, was being housed in a one-person
"separation cell" nearby. During the day inmates who were not in a separation cell were
allowed to move freely between their cells and the dayroom. According to Miller's
testimony at trial, appellant and Lee would stop talking or leave when he would return to
the cell. Sapp was allowed out of his cell for about one hour, and he spent that time talking
with Lee and appellant. 

 Jailer Sylvia Rodriguez was working alone on the evening of September 19. After
looking into cell 5 to ensure appellant, Lee and Miller were present, Rodriguez locked the
cell for the night. Miller soon noticed appellant's bunk was prepared to appear as though
it were occupied, but appellant was not in it. When he commented on that, Lee "sat down
beside me and stuck me in the side with a - what I believe to be a shank, [a] homemade
knife." Lee threatened to stab Miller if he alerted the jailer. Miller testified Lee stayed
beside him on Miller's bunk all through the night. 

 Appellant had concealed himself in the shower. While Rodriguez was preparing
breakfast the next morning, and before opening the cell doors, appellant attacked her. 
During the attack, appellant told Lee to grab Rodriguez through the cell bars while he
opened the cell door. Lee emerged and helped appellant subdue Rodriguez. Miller
remained in the cell. Appellant obtained the key to the separation cell and released Sapp. 
Working together the three inmates pushed Rodriguez into the separation cell and locked
the door. After appellant, Lee and Sapp left the jail, Miller summoned help for Rodriguez. 
All three were rearrested the same morning in a trailer about 30 miles away. 

 Appellant was charged by indictment with escape. The indictment contained two
enhancement allegations, each of which made the offense a felony. It alleged he was in
custody for a felony offense and that he "used and threatened to use a deadly weapon,
namely, a knife." See Tex. Pen. Code Ann. § 38.06(c)(1), (e)(2) (Vernon 2003). Before
trial Lee committed suicide and the State moved for joint trial of the charges against
appellant and Sapp under authority of article 38.09 of the Code of Criminal Procedure. 
The trial court granted this motion and denied appellant's pretrial motion to sever. 

 The State's evidence consisted of testimony from the Childress County sheriff who
described the general operation and layout of the jail, City of Childress police officers who 
apprehended the escapees, jailer Sylvia Rodriguez, and Jerry Miller. In its opening
statement the State indicated to the jury the weapon Lee used to threaten Miller was a
sharpened plastic spoon. No evidence was presented showing the nature of the knife and
no knife was found in the jail, the vehicle used in the escape, or the trailer where the
escapees were located. At the close of the State's case both Sapp and appellant sought
directed verdicts on the use of a deadly weapon. The trial court granted Sapp's motion but
denied appellant's motion. Both parties then unsuccessfully reurged motions to sever,
arguing the court's rulings created a conflict between their respective defenses. 

 The jury found appellant guilty of escape with a deadly weapon. Punishment was
assessed in conformity with the jury's punishment verdict at 55 years confinement and a
$10,000 fine. Appellant does not challenge the sufficiency of the evidence that he
committed the offense of escape. His two issues on appeal assign error to the trial court's
failure to sever trial of his case from that of Jack Sapp and challenge the factual sufficiency
of the evidence supporting the jury's deadly weapon finding. Finding it dispositive, we
initially consider appellant's second issue.

 In a review of the record for factual sufficiency, we consider all the evidence in a
neutral light, and will set aside the verdict if the evidence supporting it, either (1) standing
alone or (2) when weighed against the contrary evidence, is too weak to establish the
elements of the offense beyond a reasonable doubt. The analysis is to answer the single
ultimate question: considering all the evidence in a neutral light, was the jury rationally
justified in finding appellant guilty beyond a reasonable doubt? Zuniga v. State, 144
S.W.3d 477, 481 (Tex.Crim.App. 2004); Goodman v. State, 66 S.W.3d 283, 285
(Tex.Crim.App. 2001). 

 The jury charge in appellant's case contained an instruction on the law of parties
including the following statement:

 A person is guilty of using or threatening to use a deadly weapon if a deadly
weapon was used or exhibited during the commission of a felony offense or
during immediate flight therefrom, and the defendant used or exhibited the
deadly weapon or was a party to the offense and knew that a deadly weapon
would be used or exhibited.

The instruction correctly states the law. See Tex. Pen. Code Ann. § 7.01 (Vernon 2003);
Dowdle v. State, 11 S.W.3d 233, 235 (Tex.Crim.App. 2000) (when liability is based on law
of parties proof of knowledge that weapon would be used or exhibited is required). 

 Appellant presents two grounds on which he contends the evidence is factually
insufficient. First, he argues it was insufficient to support a finding that a deadly weapon
was used and second, it was insufficient to establish appellant's knowledge that a deadly
weapon would be used.

 In support of his first ground, appellant relies on evidence the jailer was not
threatened with a knife and no knife was ever recovered. Miller's testimony concerning the
character of the knife was very limited. At one point, he testified, he "just barely glanced
at it." When asked if he saw the knife when Lee got up to assist appellant, he replied "that
was the only time I seen it in his hand but I didn't see it - I didn't see what he done with it." 

 Defense counsel challenged Miller's credibility in closing argument. The State
emphasizes the jury's role in determining the credibility of the witnesses and weight to be
given their testimony. See Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). 
It argues the jury was free to believe Miller's testimony that Lee used a deadly weapon and
we should not reweigh his credibility. 

 Even assuming that Miller's testimony is sufficient to support a finding that Lee used
a deadly weapon, a question we need not decide, (1) the State bore the burden to establish
appellant's knowledge that Lee would use or exhibit the weapon. See Dowdle, 11 S.W.3d
at 235. We agree with appellant the evidence presented was insufficient to establish he
had such knowledge. Evidence relevant to that issue includes Miller's undisputed
testimony that appellant and Lee carried on conversations they sought to conceal from
Miller. Sapp participated in the conversations during the hour he was released from the
separation cell. But neither Miller nor any other witness heard the contents of any of those
conversations. 

 The State argues the secretive conversations and preparation of appellant's bunk
out of Miller's presence show that appellant and Lee planned the escape and appellant
knew Lee would use a deadly weapon to keep Miller quiet. We agree the evidence is
sufficient to support the inference appellant, Lee and Sapp planned the escape and that
their plans excluded Miller. We cannot agree it is sufficient to permit a rational factfinder
to conclude, beyond a reasonable doubt, appellant knew Lee would use a deadly weapon.

 The State cites no cases in which an inference drawn from similar evidence was
used to establish an appellant's knowledge that a codefendant would use a deadly
weapon. Cf. Dowdle, 11 S.W.3d at 237 (defendant's continued participation after
codefendant's use of firearm); Mulanax v. State, 882 S.W.2d 68, 70 (Tex.App.-Houston
[14th Dist.] 1994, no pet.), overruled on other grounds, Sarmiento v. State, 93 S.W.3d 566,
570 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (liability for codefendant's use of knife
based on continued participation after knife produced). In contrast, Lee's use of the
weapon here was outside appellant's presence. The evidence presented here permitted
the jury to do no more than speculate on appellant's knowledge of Lee's actions
concerning use of a weapon. 

 We sustain appellant's second issue. A finding of factual insufficiency to sustain a
jury's verdict requires remand for a new trial. Zuniga, 144 S.W.3d at 482. 

 Our disposition of appellant's second issue makes consideration of his first issue
unnecessary. We reverse the judgment of the trial court and remand for a new trial.


 James T. Campbell

 Justice





Do not publish.






1. Unlike a firearm, a knife is not a deadly weapon per se. Blain v. State, 647 S.W.2d
293, 294 (Tex.Crim.App.1983). See In re J.A.W.,108 S.W.3d 573, 576 (Tex.App.-Amarillo
2003, no pet.) (discussing evidentiary requirements to establish knife as deadly weapon).