NO. 07-04-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 19, 2006
_____

BRENT ALLEN DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4614; HONORABLE DAVID M. MCCOY, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Brent Allen Davis brings this appeal from his conviction of the felony offense of escape. Punishment, enhanced by a finding appellant used a deadly weapon, was assessed at fifty-five years confinement and a $10,000 fine. He complains of the trial court's denial of his motion to sever trial of his case from that of a codefendant and challenges the factual sufficiency of the evidence to support the jury's deadly weapon finding. We reverse and remand for a new trial.

In September 2003 appellant was held in the Childress County jail charged with a felony offense. He shared cell 5 with James Lee. On September 19, Jerry Miller was placed in the same cell. A fourth inmate, Jack Sapp, was being housed in a one-person "separation cell" nearby. During the day inmates who were not in a separation cell were allowed to move freely between their cells and the dayroom. According to Miller's testimony at trial, appellant and Lee would stop talking or leave when he would return to the cell. Sapp was allowed out of his cell for about one hour, and he spent that time talking with Lee and appellant.

Jailer Sylvia Rodriguez was working alone on the evening of September 19. After looking into cell 5 to ensure appellant, Lee and Miller were present, Rodriguez locked the cell for the night. Miller soon noticed appellant's bunk was prepared to appear as though it were occupied, but appellant was not in it. When he commented on that, Lee "sat down beside me and stuck me in the side with a – what I believe to be a shank, [a] homemade knife." Lee threatened to stab Miller if he alerted the jailer. Miller testified Lee stayed beside him on Miller's bunk all through the night.

Appellant had concealed himself in the shower. While Rodriguez was preparing breakfast the next morning, and before opening the cell doors, appellant attacked her. During the attack, appellant told Lee to grab Rodriguez through the cell bars while he opened the cell door. Lee emerged and helped appellant subdue Rodriguez. Miller remained in the cell. Appellant obtained the key to the separation cell and released Sapp. Working together the three inmates pushed Rodriguez into the separation cell and locked

2

the door. After appellant, Lee and Sapp left the jail, Miller summoned help for Rodriguez. All three were rearrested the same morning in a trailer about 30 miles away.

Appellant was charged by indictment with escape. The indictment contained two enhancement allegations, each of which made the offense a felony. It alleged he was in custody for a felony offense and that he "used and threatened to use a deadly weapon, namely, a knife." *See* Tex. Pen. Code Ann. § 38.06(c)(1), (e)(2) (Vernon 2003). Before trial Lee committed suicide and the State moved for joint trial of the charges against appellant and Sapp under authority of article 38.09 of the Code of Criminal Procedure. The trial court granted this motion and denied appellant's pretrial motion to sever.

The State's evidence consisted of testimony from the Childress County sheriff who described the general operation and layout of the jail, City of Childress police officers who apprehended the escapees, jailer Sylvia Rodriguez, and Jerry Miller. In its opening statement the State indicated to the jury the weapon Lee used to threaten Miller was a sharpened plastic spoon. No evidence was presented showing the nature of the knife and no knife was found in the jail, the vehicle used in the escape, or the trailer where the escapees were located. At the close of the State's case both Sapp and appellant sought directed verdicts on the use of a deadly weapon. The trial court granted Sapp's motion but denied appellant's motion. Both parties then unsuccessfully reurged motions to sever, arguing the court's rulings created a conflict between their respective defenses.

The jury found appellant guilty of escape with a deadly weapon. Punishment was assessed in conformity with the jury's punishment verdict at 55 years confinement and a

3

$10,000 fine. Appellant does not challenge the sufficiency of the evidence that he committed the offense of escape. His two issues on appeal assign error to the trial court's failure to sever trial of his case from that of Jack Sapp and challenge the factual sufficiency of the evidence supporting the jury's deadly weapon finding. Finding it dispositive, we initially consider appellant's second issue.

In a review of the record for factual sufficiency, we consider all the evidence in a neutral light, and will set aside the verdict if the evidence supporting it, either (1) standing alone or (2) when weighed against the contrary evidence, is too weak to establish the elements of the offense beyond a reasonable doubt. The analysis is to answer the single ultimate question: considering all the evidence in a neutral light, was the jury rationally justified in finding appellant guilty beyond a reasonable doubt? *Zuniga v. State*, 144 S.W.3d 477, 481 (Tex.Crim.App. 2004); *Goodman v. State*, 66 S.W.3d 283, 285 (Tex.Crim.App. 2001).

The jury charge in appellant's case contained an instruction on the law of parties including the following statement:

> A person is guilty of using or threatening to use a deadly weapon if a deadly weapon was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.

4

The instruction correctly states the law. *See* Tex. Pen. Code Ann. § 7.01 (Vernon 2003); *Dowdle v. State*, 11 S.W.3d 233, 235 (Tex.Crim.App. 2000) (when liability is based on law of parties proof of knowledge that weapon would be used or exhibited is required).

Appellant presents two grounds on which he contends the evidence is factually insufficient. First, he argues it was insufficient to support a finding that a deadly weapon was used and second, it was insufficient to establish appellant's knowledge that a deadly weapon would be used.

In support of his first ground, appellant relies on evidence the jailer was not threatened with a knife and no knife was ever recovered. Miller's testimony concerning the character of the knife was very limited. At one point, he testified, he "just barely glanced at it." When asked if he saw the knife when Lee got up to assist appellant, he replied "that was the only time I seen it in his hand but I didn't see it – I didn't see what he done with it."

Defense counsel challenged Miller's credibility in closing argument. The State emphasizes the jury's role in determining the credibility of the witnesses and weight to be given their testimony. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). It argues the jury was free to believe Miller's testimony that Lee used a deadly weapon and we should not reweigh his credibility.

Even assuming that Miller's testimony is sufficient to support a finding that Lee used a deadly weapon, a question we need not decide,[1] the State bore the burden to establish

---

[1] Unlike a firearm, a knife is not a deadly weapon per se. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983). *See In re J.A.W.*,108 S.W.3d 573, 576 (Tex.App.–Amarillo

appellant's knowledge that Lee would use or exhibit the weapon. *See Dowdle*, 11 S.W.3d at 235. We agree with appellant the evidence presented was insufficient to establish he had such knowledge. Evidence relevant to that issue includes Miller's undisputed testimony that appellant and Lee carried on conversations they sought to conceal from Miller. Sapp participated in the conversations during the hour he was released from the separation cell. But neither Miller nor any other witness heard the contents of any of those conversations.

The State argues the secretive conversations and preparation of appellant's bunk out of Miller's presence show that appellant and Lee planned the escape and appellant knew Lee would use a deadly weapon to keep Miller quiet. We agree the evidence is sufficient to support the inference appellant, Lee and Sapp planned the escape and that their plans excluded Miller. We cannot agree it is sufficient to permit a rational factfinder to conclude, beyond a reasonable doubt, appellant knew Lee would use a deadly weapon.

The State cites no cases in which an inference drawn from similar evidence was used to establish an appellant's knowledge that a codefendant would use a deadly weapon. *Cf. Dowdle*, 11 S.W.3d at 237 (defendant's continued participation after codefendant's use of firearm); *Mulanax v. State*, 882 S.W.2d 68, 70 (Tex.App.–Houston [14th Dist.] 1994, no pet.), *overruled on other grounds*, *Sarmiento v. State*, 93 S.W.3d 566, 570 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd) (liability for codefendant's use of knife based on continued participation after knife produced). In contrast, Lee's use of the

_____

2003, no pet.) (discussing evidentiary requirements to establish knife as deadly weapon).

6

weapon here was outside appellant's presence. The evidence presented here permitted the jury to do no more than speculate on appellant's knowledge of Lee's actions concerning use of a weapon.

We sustain appellant's second issue. A finding of factual insufficiency to sustain a jury's verdict requires remand for a new trial. *Zuniga*, 144 S.W.3d at 482.

Our disposition of appellant's second issue makes consideration of his first issue unnecessary. We reverse the judgment of the trial court and remand for a new trial.

James T. Campbell
Justice

Do not publish.