NO. 07-07-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2008
_____

DEREK WAYNE MONTEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18139-C; HON. ANA ESTEVEZ, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Derek Wayne Montez challenges the factual sufficiency of the evidence convicting him of robbery.[1]  We affirm the judgment.

*Background*

On June 11, 2006, Bobby Wayne Stubblefield was working as a loss prevention supervisor at the J. C. Penney's store in Amarillo.  He observed appellant roll up seven

---

[1]Though appellant states that he questions the "factual sufficiency" of the evidence, he nonetheless contends that "no evidence" established his guilt for robbery.  Suggesting that no evidence exists to support an element of the offense is an attack on the legal, as opposed to the factual, sufficiency of the record.  *See Godsey v. State*, 989 S.W.2d 482, 488 (Tex. App.–Waco 1999, pet. ref'd).  So, given that both standards are mentioned in one way or the other, we will consider appellant's argument under both.

shirts, wrap them in a pair of jeans, tuck the items in his pants, and exit the south door. Stubblefield followed appellant who observed Stubblefield and then pulled a box cutter from his pocket with the blade extended and stared at Stubblefield. At that point, Stubblefield opted to cease his pursuit of appellant.

*Standard of Review*

We review the legal and factual sufficiency of the evidence under the standards specified in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006), respectively. The parties are referred to those cases.

Next, appellant was charged with aggravated robbery by use or exhibition of a deadly weapon. TEX. PEN. CODE ANN. §29.03(a)(2) (Vernon 2003). However, he was convicted of the lesser-included offense of robbery by intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death. *Id.* §29.02(a)(2). Appellant contends there was no actual or threatened violence and, because the jury failed to find that he used or exhibited a deadly weapon, there was insufficient evidence to show that Stubblefield was threatened or placed in fear of imminent bodily injury or death. We disagree.

Initially, we note that the statute does not require one to be threatened with serious bodily injury or death to be convicted of robbery. *See id.* §1.07(a)(17) (A) and (B) (Vernon Supp. 2007) (defining a deadly weapon as required for aggravated robbery to be one made for the purpose of inflicting or one that is capable of causing death or serious bodily injury); *see also In re J.A.W.,* 108 S.W.3d 573, 576 (Tex. App.–Amarillo 2003, no pet.) (stating that

2

a knife can be brandished and place a victim in fear without being a deadly weapon). It is sufficient to constitute robbery if the accused places the complainant in fear of bodily injury to the degree that reason and common experience will induce the complainant to part with his property against his will. *Devine v. State,* 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). Moreover, threats can be communicated by not only words but by actions and conduct. *McGowan v. State,* 664 S.W.2d 355, 357 (Tex. Crim. App. 1984); *see also Wilmeth v. State,* 808 S.W.2d 703, 706 (Tex. App.–Tyler 1991, no pet.) (holding that the jury may find the requisite fear from a menacing glance and a hand gesture even when no verbal threats are made). Thus, we must determine whether the conduct of appellant was sufficient to place a reasonable person in fear of imminent bodily injury. *Welch v. State,* 880 S.W.2d 225, 226 (Tex. App.–Austin 1994, no pet.).

Stubblefield testified that appellant, who was in a fast walk, looked at him at least twice before pulling out the box cutter, and that he "extended the knife out of the box cutter and . . . held it to his right side and up a little to where [Stubblefield] could see it and turned towards [Stubblefield] and . . . stared into [his] eyes." Stubblefield stopped because he felt his life would be in danger if he got any closer to appellant and he thought appellant "would use that [the box cutter] on [him]" if he tried to stop appellant. Although Stubblefield was 10-15 feet behind appellant at the time the box cutter was drawn, two police officers testified they were trained that if someone has a straight-edged weapon, it would take an officer 21 feet to react to defend himself from that weapon if he did not already have a weapon drawn. An officer also testified he was trained that sharp-edged weapons are dangerous and a slicing motion can cause more damage than some puncture motions.

3

We believe a reasonable person in Stubblefield's position would have been in fear of imminent bodily injury based on this evidence, and that such conduct on the part of appellant induced Stubblefield to end his pursuit of appellant. *See Liggens v. State,* 50 S.W.3d 657, 661 (Tex. App.–Fort Worth 2001, pet. ref'd) (finding the evidence factually sufficient when the defendant placed a store employee in fear of imminent bodily injury when the defendant started his car, looked right at the employee, "gassed" the car, and the employee believed he was going to get hurt if he didn't move). In short, the evidence, as tested under the standards of *Jackson* and *Watson* is both legally and factually sufficient to sustain the conviction. Not only does some evidence exist upon which a reasonable factfinder could conclude, beyond reasonable doubt, that appellant committed the elements of robbery but also that conclusion is neither supported by weak evidence, manifestly unjust, or undermined when tested against the record as a whole.

The judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4