NO. 07-07-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2008
______________________________

DEREK WAYNE MONTEZ, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18139-C; HON. ANA ESTEVEZ, PRESIDING
_______________________________

Memorandum Opinion
______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
          Appellant Derek Wayne Montez challenges the factual sufficiency of the evidence
convicting him of robbery.


 We affirm the judgment. 
          Background  
          On June 11, 2006, Bobby Wayne Stubblefield was working as a loss prevention
supervisor at the J. C. Penney’s store in Amarillo. He observed appellant roll up seven
shirts, wrap them in a pair of jeans, tuck the items in his pants, and exit the south door.
Stubblefield followed appellant who observed Stubblefield and then pulled a box cutter
from his pocket with the blade extended and stared at Stubblefield. At that point,
Stubblefield opted to cease his pursuit of appellant. 
          Standard of Review
          We review the legal and factual sufficiency of the evidence under the standards
specified in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006), respectively. The parties are
referred to those cases. 
          Next, appellant was charged with aggravated robbery by use or exhibition of a
deadly weapon. Tex. Pen. Code Ann. §29.03(a)(2) (Vernon 2003). However, he was
convicted of the lesser-included offense of robbery by intentionally or knowingly threatening
or placing another in fear of imminent bodily injury or death. Id. §29.02(a)(2). Appellant
contends there was no actual or threatened violence and, because the jury failed to find
that he used or exhibited a deadly weapon, there was insufficient evidence to show that
Stubblefield was threatened or placed in fear of imminent bodily injury or death. We
disagree.
          Initially, we note that the statute does not require one to be threatened with serious
bodily injury or death to be convicted of robbery. See id. §1.07(a)(17) (A) and (B) (Vernon
Supp. 2007) (defining a deadly weapon as required for aggravated robbery to be one made
for the purpose of inflicting or one that is capable of causing death or serious bodily injury);
see also In re J.A.W., 108 S.W.3d 573, 576 (Tex. App.–Amarillo 2003, no pet.) (stating that
a knife can be brandished and place a victim in fear without being a deadly weapon). It is
sufficient to constitute robbery if the accused places the complainant in fear of bodily injury
to the degree that reason and common experience will induce the complainant to part with
his property against his will. Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). 
Moreover, threats can be communicated by not only words but by actions and conduct. 
McGowan v. State, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984); see also Wilmeth v.
State, 808 S.W.2d 703, 706 (Tex. App.–Tyler 1991, no pet.) (holding that the jury may find
the requisite fear from a menacing glance and a hand gesture even when no verbal threats
are made). Thus, we must determine whether the conduct of appellant was sufficient to
place a reasonable person in fear of imminent bodily injury. Welch v. State, 880 S.W.2d
225, 226 (Tex. App.–Austin 1994, no pet.). 
          Stubblefield testified that appellant, who was in a fast walk, looked at him at least
twice before pulling out the box cutter, and that he “extended the knife out of the box cutter
and . . . held it to his right side and up a little to where [Stubblefield] could see it and turned
towards [Stubblefield] and . . . stared into [his] eyes.” Stubblefield stopped because he
felt his life would be in danger if he got any closer to appellant and he thought appellant
“would use that [the box cutter] on [him]” if he tried to stop appellant. Although Stubblefield
was 10-15 feet behind appellant at the time the box cutter was drawn, two police officers
testified they were trained that if someone has a straight-edged weapon, it would take an
officer 21 feet to react to defend himself from that weapon if he did not already have a
weapon drawn. An officer also testified he was trained that sharp-edged weapons are
dangerous and a slicing motion can cause more damage than some puncture motions. 
          We believe a reasonable person in Stubblefield’s position would have been in fear
of imminent bodily injury based on this evidence, and that such conduct on the part of
appellant induced Stubblefield to end his pursuit of appellant. See Liggens v. State, 50
S.W.3d 657, 661 (Tex. App.–Fort Worth 2001, pet. ref’d) (finding the evidence factually
sufficient when the defendant placed a store employee in fear of imminent bodily injury
when the defendant started his car, looked right at the employee, “gassed” the car, and the
employee believed he was going to get hurt if he didn’t move). In short, the evidence, as
tested under the standards of Jackson and Watson is both legally and factually sufficient
to sustain the conviction. Not only does some evidence exist upon which a reasonable
factfinder could conclude, beyond reasonable doubt, that appellant committed the
elements of robbery but also that conclusion is neither supported by weak evidence,
manifestly unjust, or undermined when tested against the record as a whole. 
          The judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.