Opinion issued December 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00608-CR

———————————

William Tavares Dunn, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 180th District Court

Harris County, Texas



Trial Court Case No. 1146501

 



 

MEMORANDUM OPINION

          A
jury convicted appellant William Tavares Dunn of aggravated robbery and
assessed punishment at 20 years in prison.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2003). 
On appeal, Dunn contends that the evidence is factually insufficient to
show that he used or exhibited a deadly weapon during the commission of the
robbery.  Viewing all of the evidence
adduced at trial in the light most favorable to the verdict, we conclude that a rational trier of fact could have
found that Dunn committed the essential elements of aggravated robbery.  Accordingly,
we affirm the trial court’s judgment.

I.                 
Background

Dunn went to a department store
with his infant daughter and another man. 
Vance Ratcliff, the department store’s loss prevention officer, was
monitoring the store by means of a video-surveillance system when he noticed
Dunn and the other man in the ladies’ department.  He watched Dunn put a bottle of perfume in
the pocket of his jacket and hide some clothing inside a backpack he had taken
from the children’s department of the store. 
Dunn put the backpack in his cart and walked toward the door to leave
the store.  Just before Dunn left, Ratliff
stopped him and identified himself as the store’s loss-prevention officer.  He asked Dunn to return the merchandise.  Dunn refused, and Ratcliff reached into the
cart to retrieve the backpack.  At trial,
Ratcliff testified that Dunn “used a certain word like M.F.” and then pulled a
knife from his pocket.  Ratcliff
testified that the knife had a black handle and a three-inch blade.  He said that as he retreated, Dunn came
toward him with the knife and slashed his shirt.  Ratcliff testified, “I was scared of my
life.”  Dunn fled the store, and Ratcliff
noted his license plate number.  Many
months later, the police arrested Dunn at his apartment.

          At
trial, the State introduced into evidence Ratcliff’s shirt and the store’s
surveillance video.  Dunn confessed to
robbery but denied using a deadly weapon. 
He denied having or using a knife. 
Dunn said, “I saw the video, but I didn’t see no knife.”  Rather, he said that he gave Ratcliff “just a
quick punch.”

II.              
Sufficiency of the Evidence

In two issues, Dunn argues that the
evidence is factually insufficient to support his conviction for aggravated
robbery because the evidence of his use of a deadly weapon is both (1) so weak
that it renders the verdict wrong and unjust and (2) greatly outweighed by the
contrary evidence.

A.   Standard of review

Due process requires a court
reviewing the sufficiency of evidence to support a criminal conviction to
determine “whether, after viewing the evidence in the light most favorable to
the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.”  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  Our state-law standard for reviewing the
factual sufficiency of the evidence mirrors the standard required by the United
States Constitution.  See Brooks v. State, No. PD-0210-09,
2010 WL 3894613, at *14 (plurality op.), *22 (Cochran, J., concurring) (Tex.
Crim. App. Oct. 6, 2010).

B.   Aggravated robbery

A person commits robbery when he
intentionally or knowingly threatens or places another person in fear of
imminent bodily injury or death in the course of committing theft.  See
Tex. Penal Code Ann. § 29.02
(Vernon 2003).  A person commits
aggravated robbery when he uses or exhibits a deadly weapon in the course of
committing robbery.  See Tex.
Penal Code Ann. § 29.03 (aggravated robbery).  An object is a deadly weapon if “in the manner
of its use or intended use,” the object “is capable of causing death or serious
bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2009); McCain v. State, 22 S.W.3d 497, 503
(Tex. Crim. App. 2000).  Serious bodily injury is that which “creates
a substantial risk of death or that causes death, serious permanent disfigurement,
or protracted loss of the function of any bodily organ,” Tex. Penal Code. Ann. § 1.07(a)(46)
(Vernon Supp. 2009), and bodily injury is “physical pain, illness, or any
impairment of physical condition.”  Id. § 1.07(a)(8) (Vernon Supp.
2009).

C.   Use of a deadly weapon

The statutory definition of “deadly weapon” does not require
that death or serious bodily injury be inflicted or even intended by the actor.
 McCain, 22 S.W.3d at 503 (holding
that objects used to threaten deadly
force are deadly weapons, even if defendant had no intention of actually using
deadly force).  Thus, the State
must show only that the “use or intended use is capable of causing death or serious bodily injury.”  Tucker
v. State, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008) (quoting McCain, 22 S.W.3d at 503).  The State need not show that any wounds were
actually inflicted.  See Brown v. State, 716 S.W.2d 939, 946 (Tex. Crim. App.
1986); Victor v. State, 874 S.W.2d
748, 751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  

Not every knife is necessarily a
deadly weapon, but a jury may find a knife to be a deadly weapon based on (1)
its manner of use, (2) its size and shape, and (3) its capacity to be used to
cause serious bodily injury or death.  See McCain, 22 S.W.3d at 502–03; Brown, 716 S.W.2d at 946–47; Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982); Garcia
v. State, 17 S.W.3d 1, 4
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  In addition, a jury may consider the victim’s
proximity to the knife, see Tisdale v.
State, 686 S.W.2d 110, 115 (Tex. Crim. App. 1984), and the defendant’s words
or threats, see Williams v. State,
575 S.W.2d 30, 32 (Tex. Crim. App. 1979).  In determining that a knife is a deadly
weapon, a jury may also consider testimony from the victim that he feared for
his life.  See Denham v. State, 574 S.W.2d 129, 130–31 (Tex. Crim. App. 1978).
 The State does not have to introduce the
knife into evidence to prove that it was a deadly weapon.  Victor,
874 S.W.2d at 751; see Morales, 633
S.W.2d at 868.

D.   Analysis 

The State did not introduce the
knife into evidence, and Ratcliff was uninjured.  Accordingly the State had to introduce
evidence of other factors to prove that Dunn used a deadly weapon.  See Victor, 874
S.W.2d at 751.  Dunn argues that the evidence that he used a deadly weapon is too weak to
support the jury’s verdict because Ratcliff’s description of the knife was
insufficient to describe a deadly weapon and because he did not use threatening
words when speaking to Ratcliff.  As
noted above, we review the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
beyond a reasonable doubt that Dunn used a deadly weapon in the course of the
robbery.

With respect to the manner of the
knife’s use, Ratcliff testified that Dunn attempted to slash him, and he succeeded
in slashing his shirt.  The evidence demonstrated
that Dunn was not using the knife as a utility or pocket knife.  Instead, he was using it in an aggressive
fashion against Ratcliff.  Dunn contends
that the surveillance video showed him making a punching motion rather than a
lunging or swiping motion as suggested by Ratcliff.  While Dunn thereby contradicted Ratcliff’s
testimony about the use of the knife, the jury is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  Lancon
v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  The jury saw the surveillance video and the
shirt that Ratcliff wore that day, which had been slashed.  Based on this evidence, a rational jury could
have disbelieved Dunn when he denied using a knife.

Regarding the size and shape of the
knife, Ratcliff described it as having a three-inch blade.  Because the knife slashed Ratcliff’s shirt, a
jury could infer that it was sharp, not dull. 
This evidence was relevant to the knife’s capacity to be used to cause
serious bodily injury or death.  A jury
could further infer that a knife that was sharp enough to cut through a shirt
was sharp enough to cut through skin and cause serious bodily injury.

Moreover, Ratcliff was near the
knife and he feared for his life. 
Ratcliff was near Dunn when his shirt was slashed, just after he removed
the stolen merchandise from Dunn’s cart. 
He testified that he was retreating when Dunn came toward him with the
knife.  At first, Ratcliff thought he had
been injured, and he checked to see if he was bleeding.  

In the course of this episode, Dunn
called Ratcliff an “M.F.”  While Dunn did
not threaten any particular harm, these words suggest aggression toward
Ratcliff and that the slashing of the shirt was not accidental.  Together with the totality of the other
evidence, Dunn’s foul, aggressive language can weigh in favor of a finding that
a knife is a deadly weapon.  See Bailey v. State, 46 S.W.3d 487, 491–92
(Tex. App.—Corpus Christi 2001, pet. ref’d) (“No one factor is determinative,
and each case must be examined on its own facts.”).  Finally, Ratcliff testified that when Dunn
came toward him with the knife, he feared for his life.

In arguing that the evidence was
insufficient to prove that the knife was a deadly weapon, Dunn relies on In re J.A.W.,
108 S.W.3d 573, 576 (Tex. App.—Amarillo 2003, no pet.), in which the court of
appeals held that the evidence was factually insufficient to establish that the
knife that the accused used during a robbery was a deadly weapon.  J.A.W.
is factually distinguishable because the victim in that case merely testified
that the accused “pulled” a knife and that he was scared.  Id.  There was no evidence introduced at trial to
show how the knife was used, to describe the blade, or to indicate the
proximity of the victim to the accused.  Id.  Although the victim testified that the accused
threatened him, he said that the accused threatened to “beat” him, not to stab
him.  Id.  In contrast, the evidence in this case showed
how Dunn used the knife, the size of the knife, the fact that the knife was
sharp enough to cut through a shirt, that Dunn used offensive language, and
that Ratcliff feared for his life.




 

CONCLUSION

          Considering
all of the evidence adduced at trial in the light most favorable to the prosecution, we conclude that a rational trier of
fact could have found the essential elements of the crime, including use of a
deadly weapon, beyond a reasonable doubt. 
We therefore hold that the
evidence was not factually insufficient to support the conviction, and we
overrule both of Dunn’s issues.  We
affirm the judgment of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices Massengale
and Mirabal.*

Do not publish. 
 Tex. R. App. P. 47.2(b).











*           The
Honorable Margaret Garner Mirabal, Senior Justice, Court of Appeals for the
First District of Texas, sitting by assignment.