289 S.W.3d 889 (2009)
In the Matter of B.D.S.D.
No. 14-07-01079-CV.
Court of Appeals of Texas, Houston (14th Dist.).
June 18, 2009.
*891 Ann E. Johnson, Bellaire, TX, Michael Alan Choyke, Houston, TX, for appellants.
Dan McCrory, Houston, TX, for appellees.
Panel consists of Justices FROST, GUZMAN, and SULLIVAN.

OPINION
KEM THOMPSON FROST, Justice.
Appellant was adjudicated as a juvenile for engaging in delinquent conduct by committing the offense of prostitution. In two issues, she challenges the adjudication of the offense, arguing (1) her right to due process was violated when the State failed to investigate whether she was "caused by any means to commit prostitution"; and (2) as a result of the State's failure to conduct such an investigation, adjudication of the offense "offends public policy notions that child victims of sexual exploitation must be protected." We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND
Appellant, a sixteen-year-old girl, was alleged to have engaged in delinquent conduct by committing the offense of prostitution. At an adjudication hearing, the trial court reviewed a signed stipulation of evidence, in which appellant judicially confessed that she had knowingly agreed to engage in sexual conduct, namely sexual intercourse, for a fee. With an agreed recommendation from the State, appellant asked the trial court to accept the stipulation. The trial court made an affirmative finding that appellant had engaged in delinquent conduct by committing the offense of prostitution, that she was in need of rehabilitation, and that a disposition was required.
*892 The State next offered, without objection, a juvenile probation report, outlining appellant's personal information and delinquent conduct. The report indicated that appellant had run away from her mother's home several months before the incident resulting in the charged offense and, at the time, lived with an adult male whose name appellant chose not to disclose. At the adjudication hearing, appellant stated that, after she ran away from home, she lived with two friends, an adult male and an adult female. Appellant stated that neither of these adults knew that she was engaging in prostitution. Appellant claimed that she does not take drugs but that she engages in prostitution for the money "to buy things" that she wants. The trial court accepted the State's recommendation and ordered appellant, among other things, to complete one year of probation and fifteen hours of community service. The trial court ordered that appellant be placed in the custody of the Chief Juvenile Probation Officer.
Appellant filed a motion for new trial. In the motion, she asserted that evidence was raised at the adjudication hearing that would make appellant immune from prosecution under sections 43.05 and 43.06 of the Texas Penal Code, and therefore, the trial court's adjudication denied her due process and led to an absurd result. The trial court denied appellant's motion and granted her permission to appeal.

II. ISSUES AND ANALYSIS
Appellant does not dispute that she engaged in an act that constitutes the offense of prostitution. Rather, appellant argues that the Texas legislature's 1973 adoption of the Penal Code, as applied to juveniles in the Family Code,[1] evinces that the legislature "could not have intended prosecuting a child for prostitution"[2] when, under section 22.021 of the Texas Penal Code, a child cannot consent to sexual conduct with an adult and, under sections 43.05 and 43.06 of the Texas Penal Code, "a person under 17 caused by any means to commit prostitution is immune from prosecution." Appellant presents the following two appellate issues and asks this court to reverse and remand the case "for disposition on an appropriate basis":
1. Whether adjudication for engaging in delinquent conduct violated appellant's right to due process when the State did not investigate whether she was caused by any means to commit prostitution.
2. Whether adjudication for engaging in delinquent conduct "offends public policy notions that child victims of sexual exploitation must be protected" when the State did not investigate whether she was caused by any means to commit prostitution.
We review issues of statutory construction de novo. See Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex.2002); In re Smith, 260 *893 S.W.3d 568, 572 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding). In construing a statute, our objective is to determine and give effect to the legislative intent of the provision. See Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex.2000). If possible, we must ascertain that intent from the language the legislature used in the statute and not look to extraneous matters for an intent the statute does not state. Id. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex.1997); In re Smith, 260 S.W.3d at 572. We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the legislature chose. Id.

III. ANALYSIS
Appellant complains that she was denied due process of law and that notions of public policy were offended when she was adjudicated for engaging in delinquent conduct without a State investigation into whether she was caused by any means to commit the offense of prostitution. She argues that the Texas legislature did not intend for children to be prosecuted for prostitution and refers this court to sections 22.021, 43.05, and 43.06 of the Texas Penal Code as evidence of the legislature's intent.[3]

Adjudication of a Juvenile who Engaged in Delinquent Conduct by Committing the Offense of Prostitution under Section 43.02 of the Texas Penal Code
Under the Texas Family Code, juvenile justice courts have jurisdiction over all cases involving delinquent conduct by a person who was a child at the time the person engaged in the conduct. TEX. FAM. CODE ANN. § 51.04(a) (Vernon 2008). A "child" is a person who is ten years of age or older and under seventeen years of age. Id. § 51.02(2) (Vernon 2009). Delinquent conduct is defined, among other things, as "conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail." Id. § 51.03(a)(1) (Vernon 2008).
A child may be found to have engaged in delinquent conduct only after an adjudication hearing. Id. § 54.03 (Vernon 2009). Upon finding that a child has engaged in delinquent conduct, a trial court may conduct a disposition hearing. See id. § 54.03(h). Disposition is akin to sentencing and "`is used to honor the non-criminal character of the [juvenile] proceedings.'" In re K.T., 107 S.W.3d 65, 67 (Tex.App.-San Antonio 2003, no pet.) (quoting In re C.S., 804 A.2d 307, 309 n. 2 (D.C.2002)). An order of adjudication or disposition of a child generally does not constitute a criminal conviction. See TEX. FAM.CODE ANN. § 51.13(a) (Vernon 2009).
Under section 43.02 of the Texas Penal Code,[4] entitled "Prostitution," a person commits the offense of prostitution if that person "knowingly . . . offers to engage, agrees to engage, or engages in sexual conduct for a fee." TEX. PENAL CODE ANN. § 43.02(a)(1) (Vernon 2003). The offense of prostitution is punishable by confinement in jail. Id. §§ 12.22(2), 43.02(a) *894 (Vernon Supp.2008). Therefore, after an adjudication hearing, a child who has committed the offense of prostitution may be found to have engaged in delinquent conduct, because prostitution is conduct, other than a traffic offense, that violates a section of the Texas Penal Code that is punishable by confinement in jail. See TEX. FAM.CODE ANN. §§ 51.03(a)(1), 54.03; TEX. PENAL CODE ANN. §§ 12.22(2), 43.02(a)(1).
Under the unambiguous language of section 43.02, a "person"[5] commits the offense of prostitution if that person "knowingly . . . offers to engage, agrees to engage, or engages in sexual conduct for a fee." TEX. PENAL CODE ANN. § 43.02(a); see In re B.W., 274 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2008, pet. filed) (providing that the legislature could have drafted section 43.02 so that it did not apply to every "person," but the legislature chose not to do so). By its very language, the statutory definition of "prostitution" in section 43.02 is not limited to conduct by adults. See TEX. PENAL CODE ANN. § 43.02(a) (providing that a "person" commits the offense of prostitution); see also In re B.W., 274 S.W.3d at 185 (holding that a juvenile may be adjudicated for the engaging in delinquent conduct by committing the offense of prostitution). Because prostitution is punishable by confinement in jail under the Texas Penal Code, a child who has committed the offense of prostitution under section 43.02 of the Texas Penal Code may be found to have engaged in delinquent conduct. See TEX. FAM.CODE ANN. §§ 51.03(a)(1), 54.03; TEX. PENAL CODE ANN. §§ 12.22(2), 43.02(a)(1); In re B.W., 274 S.W.3d at 181-82.
Under the Texas Family Code, appellant was a "child" both when she engaged in the delinquent conduct and at the adjudication hearing. See TEX. FAM.CODE ANN. § 51.02(2). Under the unambiguous language of the relevant statutes, appellant was a child eligible to be adjudicated for engaging in delinquent conduct by committing the offense of prostitution. See TEX. FAM.CODE ANN. § 51.03(a)(1); TEX. PENAL CODE ANN. § 43.02(a)(1); In re B.W., 274 S.W.3d at 185. However, we next consider appellant's arguments that sections 43.05 and 43.06 of the Texas Penal Code signal a legislative intent to protect children from prosecution for prostitution by providing for the prosecution of the adults involved in the offense under section 43.05 and by granting immunity from prosecution under section 43.06.

The Offense of Compelling Prostitution under Section 43.05 of the Texas Penal Code
Appellant claims that the Texas legislature did not intend to prosecute juveniles for prostitution because, under section 43.05 of the Texas Penal Code, entitled "Compelling Prostitution," adult "exploiters" of prostitution are prosecuted, and children are protected from sexual exploitation and prosecution.
Under section 43.05, a person commits the offense of compelling prostitution if that person "knowingly (1) causes another by force, threat, or fraud to commit prostitution; or (2) causes by any means a person younger than 17 years to commit prostitution." TEX. PENAL CODE ANN. § 43.05(a)(2) (Vernon 2003). As used in this statute, "prostitution" means "the offense defined in section 43.02." Id. § 43.01(2) (Vernon 2003). Under the unambiguous language of section 43.05, a person under the age of seventeen can commit the offense of prostitution. See id., § 43.05(a)(2).
*895 Appellant relies on Waggoner v. State and asserts that the Austin Court of Appeals "may have already recognized that the child cannot commit an act of prostitution." See 897 S.W.2d 510, 513 (Tex.App.-Austin 1995, no pet.). The Austin Court of Appeals in Waggoner interpreted the meaning of "causing" a child "by any means" to commit prostitution under subsection 43.05(a)(2). See id. at 512-13. However, the Waggoner court did not consider the juvenile's potential guilt when concluding evidence was sufficient to conclude the defendant committed the offense of compelling prostitution. See id.; see also In re B.W., 274 S.W.3d at 183 (distinguishing Waggoner in response to similar argument). The Waggoner court did not address the issue of whether a child could commit an act of prostitution or engage in delinquent conduct by committing the offense of prostitution. See id. at 511-13.
The purpose of subsection 43.05(a)(2) is to protect children under the age of seventeen from being caused to commit the offense of prostitution.[6]See TEX. PENAL CODE ANN. § 43.05(a)(2); In re B.W., 274 S.W.3d at 183. Although appellant correctly notes that public policy is served by protecting juveniles from being caused by any means to commit prostitution as contemplated by section 43.05(a)(2), it is illogical to conclude that, because it is an offense to knowingly cause a person younger than seventeen years to commit prostitution, a person younger than seventeen years cannot commit prostitution. See In re B.W., 274 S.W.3d at 183. This argument contradicts the plain meaning of section 43.05, and if accepted, would mean that a juvenile could engage in conduct constituting prostitution without fear of adjudication. See id.; P.G. v. State, 616 S.W.2d 635, 640-41 (Tex.App.-San Antonio 1981, writ ref'd n.r.e.); see also In re C.S., 155 Misc.2d 1014, 591 N.Y.S.2d 691, 693 (N.Y.Fam.Ct.1992) (providing that to allow juveniles to engage in delinquent conduct without fear of adjudication would "empower[] pimps to exploit children [by] knowing that they will not be long removed from the streets because the [f]amily [c]ourt lacks jurisdiction.").
In this case, appellant was adjudicated as an offender who engaged in delinquent conduct by committing the offense of prostitution under section 43.02; she was not adjudicated as a victim of sexual conduct. See TEX. PENAL CODE ANN. § 43.02; see also In re B.W., 274 S.W.3d at 183 (responding to an argument that by beginning performance of the prostitution act, as agreed, appellant is protected by law as a victim such that her consent could not be used as a defense by the adult who "exploited" her). Section 43.05 does not protect a juvenile from adjudication for engaging in delinquent conduct by committing the offense of prostitution. See TEX. PENAL CODE ANN. § 43.05; In re B.W., 274 S.W.3d at 183-84. Such an interpretation would contradict the plain meaning of the relevant statutes. See TEX. FAM.CODE ANN. § 51.03(a)(1); TEX. PENAL CODE ANN. §§ 43.02, 43.05; In re B.W., 274 S.W.3d at 185.

Juvenile's Offer or Agreement to Engage in Sexual Conduct
Appellant claims that under the Texas Penal Code, children cannot legally consent to sex and therefore the Texas legislature never intended that juveniles be prosecuted for prostitution. Appellant refers to section 22.021, in which the legislature defines the offense of aggravated sexual assault, and section 43.05, in which the *896 legislature defines the offense of compelling prostitution, for support that a juvenile cannot consent to sexual conduct. Appellant specifically asserts, "[i]t does not make sense that a child's consent to sex under section 43.02, has legal effect, but a child's consent to sex under [sections] 22.021 and 43.05, has no legal effect."
Under section 22.021(a)(2), entitled "Aggravated Sexual Assault," a person commits the offense of aggravated sexual assault if that person intentionally or knowingly engages in one or more acts of sexual conduct with a "child." See TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon 2003); In re B.W., 274 S.W.3d at 182; see also TEX. PENAL CODE ANN. §§ 22.011(a)(2) (Vernon Supp.2008) (defining sexual assault of a child). Under the Texas Penal Code, a "child" is considered "a person younger than 17 years of age who is not the spouse of the actor." TEX. PENAL CODE ANN. §§ 22.011(c)(1), 22.021(b)(1) (Vernon Supp.2008). As discussed above, under section 43.05, the offense of compelling prostitution prohibits a "person" from knowingly causing by any means "a person younger than 17 years to commit prostitution." Id. § 43.05. Prostitution, as discussed above regarding section 43.02, occurs when a "person" knowingly "offers to engage, agrees to engage, or engages in sexual conduct for a fee." Id. § 43.02(a).
Under the unambiguous language of section 22.021 as well as section 22.011, entitled "Sexual Assault," a child's lack of consent is irrelevant to the determination of whether an accused is guilty of one of these offenses. See id. §§ 22.021, 22.011. Even if a child consents or agrees to the sexual activity in fact, such consent is not given consideration for an offense that does not require proof that the victim did not consent. See May v. State, 919 S.W.2d 422, 424 (Tex.Crim.App.1996). A child's agreement or consent to engage in sexual contact or conduct with an adult is irrelevant to the adult's commission of the serious criminal offenses set forth in these sections of the Texas Penal Code. See TEX. PENAL CODE ANN. §§ 21.021, 22.011; May, 919 S.W.2d at 424. However, in none of these statutes did the Texas legislature state that a child cannot offer or agree to engage in sexual conduct with an adult. See id. §§ 21.021, 22.011. Under the plain meaning of the prostitution statute, a child under the age of seventeen can engage in the conduct described in the statute. See id. § 43.02(a)(1); In re B.W., 274 S.W.3d at 185. We find no merit in appellant's argument that these statutes cannot be harmonized to give each of them effect.[7]

Immunity of a Party to Prostitution under Section 43.06 of the Texas Penal Code
Appellant argues that under section 43.06(b) children are unequivocally immune from prosecution. Appellant has provided no case law applying this statute; however, she asserts that the legislative history of section 43.06 confirms the legislature's purported intent to protect children from sexual exploiters and prosecution.
Section 43.06 of the Texas Penal Code, entitled "Accomplice Witness; Testimony and Immunity," is set forth below:
(a) A party to an offense under this subchapter may be required to furnish *897 evidence or testify about the offense.
(b) A party to an offense under this subchapter may not be prosecuted for any offense about which he is required to furnish evidence or testify, and the evidence and testimony may not be used against the party in any adjudicatory proceeding except a prosecution for aggravated perjury.
TEX. PENAL CODE ANN. § 43.06 (Vernon 2003). Section 43.06 applies to a "party to an offense under this subchapter." Id. The subchapter, containing section 43.06, includes the following offenses: prostitution, promotion of prostitution, aggravated promotion of prostitution, and compelling prostitution. See id. §§ 43.02-.05. As discussed above, a "person"  an adult or a childcan commit the offense of prostitution. See id. § 43.02(a); In re B.W., 274 S.W.3d at 182.
Under the unambiguous language of section 43.06, a "party" may be granted immunity if (1) that party is a "party to an offense," (2) the offense is included in the subchapter within which 43.06 is contained, and (3) the party was required to furnish evidence or testify about the offense. See TEX. PENAL CODE ANN. § 43.06(b); In re B.W., 274 S.W.3d at 184. The plain language of section 43.06 does not provide that a child may not be adjudicated for engaging in delinquent conduct by committing the offense of prostitution. See TEX. PENAL CODE ANN. § 43.06(b); In re B.W., 274 S.W.3d at 184. Although appellant advances argument that the main purpose of section 43.06 is to protect victimized children or child prostitutes, under its plain meaning, the statute protects from prosecution parties to prostitution, promotion of prostitution, aggravated promotion of prostitution, or compelling prostitution who are required to furnish evidence or testify about the offense. TEX. PENAL CODE ANN. § 43.06(a). The offenses about which a party may be compelled to testify are offenses that could involve either child prostitutes or adult prostitutes. See id. §§ 43.06 (specifying a "party to an offense under this subchapter" receives immunity), 43.02(a)(2) (specifying a "person" commits the offense of prostitution).
Immunity under section 43.06 is triggered only when a party to prostitution, promotion of prostitution, aggravated promotion of prostitution, or compelling prostitution is "required to furnish evidence or testify about the offense." Id. § 43.06(a). There is no evidence in our record that any adult with whom appellant was living committed an offense under section 43.05 by knowingly causing appellant to commit prostitution. Even if an adult with whom appellant was living had committed such an offense, appellant would have no immunity under section 43.06 on those facts alone. See In re B.W., 274 S.W.3d at 184 (providing that "section 43.06 was inapplicable because the juvenile appellant was not `required to furnish evidence or testify'"). Unless appellant was required to furnish evidence or testify about this adult's conduct in knowingly causing appellant to commit prostitution, appellant would have no immunity under this statute. See TEX. PENAL CODE ANN. § 43.06. The record does not reflect that appellant was "required to furnish evidence or testify" as set forth in section 43.06. See id. § 43.06(b); In re B.W., 274 S.W.3d at 184. Therefore, on the facts of this record, appellant is not immune from adjudication under section 43.06. See In re B.W., 274 S.W.3d at 184.

The State's Purported Duty to Investigate
Appellant argues that the State has an obligation to enforce section 43.05 *898 by investigating facts. According to appellant, the fact that she was a run-away juvenile, who lived with an adult male whose identity she did not want to disclose, triggered an affirmative duty on the part of the State to investigate whether appellant was caused by any means to commit the offense as specified in section 43.05. The State did not conduct such an investigation. Appellant claims that because the State did not investigate these facts, she was denied immunity under section 43.06, which, in turn, denied her due process and was contrary to public policy.[8]
Appellant refers this court to chapter 261 of the Texas Family Code, entitled "Investigation of Report of Child Abuse or Neglect," and claims that the "law requires reporting when any person believes that a child is being abused, neglected or exploited." Although appellant cites in general chapter 261 of the Texas Family Code for support that she claims affirmatively requires the State to investigate compulsion of prostitution, she does not cite any specific section within the Family Code for this proposition.[9] Appellant claims the "Legislature's mandate in section 43.05 [of the Texas Penal Code] is directed at the State and adults." For this proposition, appellant cites sections 261.001(1)(E) and 261.001(1)(G) of the Family Code. See TEX. FAM.CODE ANN. §§ 261.001(1)(E) (defining "abuse" as sexual conduct as defined in sections 22.021 and 22.011 of the Texas Penal Code), 261.001(1)(G) (Vernon 2008) (defining "abuse" as "compelling or encouraging the child to engage in sexual conduct as defined by Section 43.01" of the Texas Penal Code). However, none of the Family Code provisions on which appellant relies mention anything about an investigation by the State. On the facts asserted by appellant, there is no indication that the undisclosed adult male engaged in conduct specified in section 43.05 of the Texas Penal Code to warrant any investigation particularly in light of appellant's admission at the adjudication hearing, as reflected in the record, that neither the adult male nor the adult female with whom appellant lived knew she engaged in prostitution.
Likewise, appellant has provided no legal authority[10] indicating that an investigation by the State was a procedural prerequisite under the Due Process Clause to seek adjudication against her. Appellant relies on In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) for support that she was denied due process of law by the State's failure to investigate. In In re Gault, the United States Supreme Court held that a juvenile is entitled to proper notice of the charges, the right to counsel, the privilege against self-incrimination, and the right to confrontation in a juvenile-delinquency adjudication proceeding. See 387 U.S. at 33-34, 41, 55-56, 87 S.Ct. at 1446-47, 1451, 1458-59. In In re Winship, the high court held that the State must prove beyond a reasonable doubt *899 that a juvenile committed an offense. See 397 U.S. at 368, 90 S.Ct. at 1075.
Unlike the juveniles in In re Gault and In re Winship, appellant does not allege, nor does the record reflect, that she was denied any of the applicable procedural safeguards that due process requires for adjudicating a juvenile who has been accused of engaging in delinquent conduct. See In re B.W., 274 S.W.3d at 184 (distinguishing In re Gault and In re Winship as to a similar argument with similar facts). Appellant has provided no legal authority indicating that the State, in seeking adjudication against her without first conducting an investigation, violated any substantive due process rights under the Due Process Clause or the Due Course of Law Clause. As to appellant's argument that notions of fair play and substantial justice demand that a juvenile should not carry the stigma of being prosecuted for prostitution, we note that the Supreme Court in In re Winship required the State to follow applicable procedural requirements in the adjudication of a juvenile's guilt. See id. (rejecting similar argument). The Winship court did not hold that the State may never subject a juvenile to the stigma of finding that a juvenile violated a criminal law. See In re Winship, 397 U.S. at 367, 90 S.Ct. at 1074 (providing that a juvenile's conduct may require judicial intervention, but the intervention cannot subject a child to the stigma of finding a child violated a criminal law based on insufficient proof); see also In re B.W., 274 S.W.3d at 184 (distinguishing Winship on same basis). For these reasons, appellants arguments lack merit.

IV. CONCLUSION
Under the unambiguous language of section 43.02, a juvenile may be adjudicated for engaging in delinquent conduct by committing the offense of prostitution. See TEX. FAM.CODE ANN. § 51.03(a)(1); TEX. PENAL CODE ANN. § 43.02(a); In re B.W., 274 S.W.3d at 185. The State was not obligated to investigate whether an adult caused appellant by any means to commit prostitution. Furthermore, because appellant was not required to furnish evidence or testify about the offense, appellant was not immune from prosecution. Based on the record and existing law, adjudication of appellant for engaging in delinquent conduct by committing the offense of prostitution did not violate due process of law or offend public policy. See In re B.W., 274 S.W.3d at 185. Therefore, we overrule appellant's first and second issues, and we affirm the trial court's judgment.
NOTES
[1] See TEX. FAM.CODE ANN. § 51.03(a)(1) (Vernon 2008) (stating that delinquent conduct is, among other things, conduct, other than a traffic offense, that violates a Texas penal law punishable by imprisonment or by confinement in jail); see also Act of May 25, 1973, 63rd Leg., R.S., ch. 544, § 1, sec. 51.03(a), 1973 Tex. Gen. Laws 1460, 1462 (amended 1987) (current version at TEX. FAM.CODE ANN. § 51.03(a)).
[2] We first note that appellant's argument is based on the false premise that she was "prosecuted" for a crime. Appellant was not prosecuted for committing a crime. See TEX. FAM.CODE ANN. § 51.13(a) ("Except as provided by Subsection (d), an order of adjudication or disposition in a proceeding under this title is not a conviction of a crime."); In re B.W., 274 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2008, pet. filed) (involving similar argument that a juvenile appellant was "prosecuted" for prostitution).
[3] For the purposes of our analysis, we presume, without deciding, that appellant's arguments are not barred by her confession in the stipulation of evidence or by the trial court's adjudication of appellant based on this agreement.
[4] Unless otherwise specified, hereinafter all references to a "section" are to the Texas Penal Code.
[5] A "person" is defined in the Texas Penal Code as "an individual, corporation, or association." TEX. PENAL CODE ANN. § 1.07(38) (Vernon 2003).
[6] Under section 43.05(a)(1), it is an offense to knowingly cause a person of any age by force, threat, or fraud to commit prostitution. See TEX. PENAL CODE ANN. § 43.05(a)(1).
[7] Although appellant refers the court to literature pertaining to the exploitation of children, appellant has cited no legal authority holding that a child under seventeen years of age cannot be adjudicated for engaging in delinquent conduct by committing the offense of prostitution.
[8] As discussed above, we have determined that based on these facts appellant was not immune from prosecution under section 43.06.
[9] See generally TEX. FAM.CODE ANN. §§ 261.001-.410 (Vernon 2009).
[10] Appellant claims that her living arrangements involving the undisclosed male adult are consistent with results shown in national studies and other literature identifying people who are in danger of being compelled to engage in prostitution and otherwise sexually exploited. Appellant refers this court to literature and studies that she claims recognize the "common threads linking exploited juvenile girls" to prostitution and argues that her circumstances raised similar red flags warranting the State's investigation of her as a victim.