**Reversed and Rendered and Opinion filed January 18, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00058-CV

## IN THE MATTER OF D.L., Appellant

## On Appeal from the 313th District Court
### Harris County, Texas
### Trial Court Cause No. 2016-03439J

## O P I N I O N

A jury found that appellant, D.L., then a minor, committed the offense of criminal trespass of a motor vehicle. The trial court signed a judgment adjudicating D.L. delinquent. D.L. appeals, arguing that no legally sufficient evidence establishes that he had notice that entry into the vehicle was forbidden. We agree, and therefore reverse the trial court's judgment and dismiss with prejudice the State's petition for adjudication of delinquency.

### Background

The Harris County District Attorney filed a petition in juvenile court seeking an adjudication of delinquency. The State alleged that D.L., a minor at the time, had

engaged in delinquent conduct. Specifically, the State alleged that D.L. had committed the offenses of (1) criminal trespass of a motor vehicle while carrying a deadly weapon and (2) unlawful possession of a firearm. D.L. pleaded "not true" to both allegations, and the case proceeded to a jury trial.

Sebastian Lezama owned the vehicle in question. Lezama parked his truck outside his apartment one afternoon and went inside, leaving the keys in the truck and the truck unlocked. A few minutes later, Lezama heard a noise outside and, upon investigating, saw someone driving his truck away. He could not identify the driver or describe any identifying features of the driver.

Approximately twelve hours later, at around 4:00 a.m., Houston Police Officer Derrick Dexter and his partner, Officer Julio Flores, attempted to order coffee at a McDonald's restaurant drive-through lane. Because no employee responded over the speaker, Officer Dexter suspected something might be amiss inside the restaurant. The officers drove around the side of the restaurant and stopped next to a green truck, which was idling at the drive-through window. Three males occupied the truck, and all of them appeared to be minors. D.L. sat in the front passenger seat. According to Officer Dexter, the individuals in the truck "looked over at [the officers] and their eyes got like deer in headlights . . . like, you know, caught red-handed." Because the youths were violating Houston's midnight curfew, Officer Flores ran a computer check on the truck's license plate. The search results indicated that the truck was Lezama's and had been reported stolen.

The truck left the restaurant's parking lot. The officers followed and engaged the patrol car's overhead lights and sirens. At that point, the truck began speeding. The truck entered an apartment complex. The police pursued the truck through the complex at speeds up to sixty miles per hour for four to six minutes. The truck

2

eventually hit a transformer and stopped. All three youths fled the truck. The police officers apprehended D.L., but failed to apprehend the other two youths.

After placing D.L. in the patrol car's back seat, Officer Flores searched the truck. He found a pistol between the driver's seat and passenger seat and a loaded shotgun near "where one of the passengers was sitting." Officer Flores did not specify whether he found the shotgun in the front or back seat. Officer Flores testified over objection that a records search revealed that the guns had been reported stolen.

When the truck was returned to Lezama, he discovered it had been damaged, costing him $1,000 in repairs.

The jury found that D.L. did not commit the weapons possession offense, but found that D.L. committed the offense of trespass of a motor vehicle. The trial court placed D.L. on probation and imposed a $1,000 fine in restitution.

D.L. appeals the judgment.

## Analysis

In his first issue, D.L. argues that there is legally insufficient evidence of one of the elements of the alleged offense—namely, whether he had notice that entry into the truck was forbidden.

### A.    Standard of Review and Governing Law

Delinquent conduct is conduct other than a traffic offense that violates a penal law of Texas or of the United States and that is punishable by imprisonment or confinement in jail. Tex. Fam. Code § 51.03(a)(1). Proceedings in juvenile court are quasi-criminal in nature but classified as civil cases. *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding); *In re J.S.R.*, 419 S.W.3d 429, 432-33 (Tex. App.—Amarillo 2011, no pet.). Generally, juvenile proceedings are governed by

the rules of civil procedure and the Family Code. Tex. Fam. Code § 51.17(a); *In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002).

In a juvenile proceeding, the trial court must conduct an adjudication hearing for the fact-finder to determine whether the juvenile engaged in delinquent conduct. Tex. Fam. Code § 54.03(a). If the fact-finder determines that the juvenile engaged in delinquent conduct, the trial court then must conduct a disposition hearing. *Id.* § 54.03(h). Disposition is akin to sentencing and is used to honor the non-criminal character of the juvenile proceedings. *See In re B.D.S.D.*, 289 S.W.3d 889, 893 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). The burden of proof at the adjudication hearing is the beyond-a-reasonable-doubt standard applicable to criminal cases. *See* Tex. Fam. Code § 54.03(f). Therefore, we review the sufficiency of the evidence to support a finding that a juvenile engaged in delinquent conduct using the standard applicable to criminal cases. *See In re G.A.T.*, 16 S.W.3d 818, 828 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Under this legal-sufficiency standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Criff v. State*, 438 S.W.3d 134, 136-37 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard applies to both direct and circumstantial evidence. *Criff*, 438 S.W.3d at 137. Accordingly, we will uphold the jury's verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *West v. State*, 406 S.W.3d 748, 756 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). In carrying out our task, "we remain cognizant that 'proof beyond a reasonable doubt'

means proof to a high degree of certainty." *Lane v. State*, 151 S.W.3d 188, 192 (Tex. Crim. App. 2004) (internal quotations omitted).

The State alleged that D.L. committed criminal trespass of a vehicle. We measure the sufficiency of the evidence supporting the essential elements as defined by the hypothetically correct jury charge. *See Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011). A person commits the offense of criminal trespass if he enters or remains on or in another's property, including a vehicle, without effective consent and, as relevant here, the person had notice that entry was forbidden. Tex. Penal Code § 30.05(a).[1] The statute does not specify a culpable mental state, so the State must prove that D.L. acted intentionally, knowingly, or recklessly. *Id.* § 6.02(b), (c). Because the State alleged, and the jury charge asked, only whether D.L. "intentionally or knowingly enter[ed]" Lezama's truck,[2] we consider the evidence applying the lesser of the two alleged mental states, i.e., knowingly. *Id.* § 6.02(d) (knowing is a lesser-degree mental state than intentional); *Howard v. State*, 333 S.W.3d 137, 139 (Tex. Crim. App. 2011) ("Because the jury could have found the appellant guilty for either of these culpable mental states, we need only address the less-culpable mental state of knowingly."). A person acts knowingly, or with knowledge, when he is aware of the nature of his conduct or that the circumstances exist. Tex. Penal Code § 6.03(b).

On appeal, D.L. challenges only the sufficiency of the evidence supporting the jury's finding that he had notice that entry into the truck was forbidden.

---

[1] The offense of criminal trespass contains two statutory alternatives: (1) unauthorized entry with notice that entry was forbidden or (2) remaining on another's property after receiving notice to depart. Tex. Penal Code § 30.05(a). The State briefed only the first of these statutory alternatives.

[2] The State did not allege that D.L. acted recklessly.

**B.      Application**

Viewed most favorably to the verdict, the evidence reveals the following.  At trial, Officer Dexter testified that D.L. was a passenger in the stolen truck.  When the police officers first saw the truck's occupants, D.L. and the other youths looked as though they had been "caught red-handed."  According to Officer Dexter, the youths were violating Houston's midnight curfew.  Once the officers engaged the patrol car's lights, the truck sped away and evaded the pursuing officers.  According to the officers, D.L. fled from the police once the truck came to a stop.  Officer Flores searched the truck and recovered two stolen firearms.

On appeal, the State contends that the following circumstantial evidence supports the jury's verdict that D.L. was aware that entry into the vehicle was forbidden:  (1) D.L. "acted guilty" when he first saw police; (2) D.L. was "riding around in a pickup truck with other juveniles at 4 [o'clock] in the morning;" and (3) D.L. fled from police when the vehicle came to a stop.

As to the State's first two points, neither circumstance is sufficient to support a reasonable inference—to the required degree beyond a reasonable doubt—that D.L. had notice that entry into the truck was forbidden.  The State identifies no authority for the notion that acting startled at the appearance of a police officer or riding in a vehicle in public after curfew are circumstances from which a jury may reasonably infer a consciousness of guilt for the specific element of the charged offense here at issue.

As to the State's third point—D.L.'s flight from police—we agree that presence at or near a crime scene, and flight from a crime scene, are circumstances from which the jury may draw an inference of guilt.  *See Thomas v. State*, 645 S.W.2d 798, 800 (Tex. Crim. App. 1983) (presence); *Morales v. State*, 389 S.W.3d 915, 922 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (flight).  But presence and

6

flight are themselves insufficient to sustain the jury's verdict. *See King v. State*, 638 S.W.2d 903, 904 (Tex. Crim. App. 1982) (mere presence at the scene or even flight from the scene, either standing alone or combined, is insufficient to sustain a conviction); *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979) (op. on reh'g) (flight alone is insufficient to support guilty verdict, but is circumstance raising inference of guilt); *Miller v. State*, 83 S.W.3d 308, 314 (Tex. App.—Austin 2002, pet. ref'd) ("[M]ere presence at the scene, or even flight, is not enough to sustain a conviction."). D.L. may have fled because he was violating curfew, or because he was a passenger in a vehicle that had just evaded police, or because he wanted to distance himself from weapons in the vehicle. None of those motivations for fleeing suggest that D.L. knew the truck was stolen.

The State offered no other incriminating evidence that would, considered with the above circumstances, support the jury's verdict. *See, e.g.*, *Garcia v. State*, 486 S.W.3d 602, 612 (Tex. App.—San Antonio 2015, pet. ref'd) (presence or flight, if combined with other incriminating evidence, may be sufficient to sustain a conviction). For instance, the State offered no obvious indicia of theft from which a reasonable jury could infer D.L. was on notice that the truck was stolen, and thus his entry was forbidden. *See Anderson v. State*, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1994, no pet.) ("There is evidence to support the inference that the appellant knew the car was stolen because it was obvious the steering column had been broken, he did not have the keys to the car, and the trunk had been jimmied."). Here, the truck's locks, windows, steering column, and ignition were not broken or tampered with, and Officer Dexter testified that the truck was recovered with the key in the ignition.

There is no question that D.L. had no legal right to be in Lezama's truck.[3] But proof that D.L. lacked the legal right to enter the truck is not sufficient to prove criminal trespass; the State must also prove notice that entry was forbidden. Tex. Penal Code § 30.05(a).

We have found no cases in which courts have held that a person is on notice that entry is forbidden under these circumstances. In the real property context, the Texarkana Court of Appeals held the evidence legally insufficient to support a defendant's conviction for criminal trespass. *Munns v. State*, 412 S.W.3d 95 (Tex. App.—Texarkana 2013, no pet.). There, Munns had a key to a friend's recently vacated apartment, and she used the key to enter the apartment. *Id.* at 99-100. Munns was subsequently arrested for trespass. *Id.* at 99. Munns claimed her friend had granted Munns permission to stay at the apartment, and there was no evidence that Munns knew that her friend had terminated the lease. *Id.* at 99, 101. While the presence of locks on a residence normally would provide sufficient notice to a trespasser that entry was forbidden, the court noted that Munns, who entered with a key, was not a naked trespasser. *Id.* at 100. Based on, among other facts, Munns's possession of the key and the lack of evidence as to Munns's knowledge that her friend had terminated the lease, the court concluded that a reasonable juror could not have found beyond a reasonable doubt that Munns had notice that her entry was forbidden. *Id.* at 102.

Though *Munns* does not present an identical factual scenario, we find the court's reasoning instructive. As in *Munns*, "the issue is not whether [D.L.] had a legal right to be on the premises, but whether [D.L.] entered *while knowing* []he did

---

[3] To be sure, Lezama confirmed that he had not given D.L. permission to be in his truck, but this goes to whether D.L. had the owner's "effective consent" to be in the vehicle, an element of the trespass offense that D.L. does not challenge. Tex. Penal Code § 30.05(a). Lezama's testimony does not bear on whether D.L. had notice that entry into the truck was forbidden.

not have a legal right to be on the premises." *Id.* at 100 (emphasis added). Although a locked car, like a house, would provide a naked trespasser sufficient notice that entry was forbidden, it is undisputed here that the driver of Lezama's truck operated the vehicle with a key. *Accord id.* ("While a locked door would certainly qualify as notice to a naked trespasser, a locked door is not notice that entry is forbidden to a person who is provided a key by one with apparent authority to authorize his entry into the residence."). D.L. was not the driver and there was no evidence that D.L. was present when the car was stolen, that the driver told D.L. that the car was stolen, or that D.L. otherwise knew that the car was stolen. *Accord id.* at 102 ("The record contains no communication that informed Munns her entry was forbidden.").

Although notice of forbidden entry can be implicit,[4] we hold, on this record, that a reasonable juror could not have found beyond a reasonable doubt that D.L. had notice that his entry into the vehicle was forbidden. The State (and the jury) might speculate that D.L. knew that Lezama's truck was stolen, but we cannot sustain a conviction on speculation or conjecture. *Gross v. State*, 380 S.W.3d 181, 188 (Tex. Crim. App. 2012). Accordingly, the evidence is legally insufficient to support the jury's finding that D.L. committed the offense of criminal trespass of a vehicle.

We sustain D.L.'s first issue.[5]

---

[4] *Salazar v. State*, 284 S.W.3d 874, 880 (Tex. Crim. App. 2009) (habitation implicitly gives notice that entry is forbidden).

[5] In his second issue, D.L. argues that the trial court reversibly erred by admitting evidence regarding the stolen firearms recovered from the truck. Because we are reversing and rendering judgment, we need not reach D.L.'s remaining issue. *See* Tex. R. App. P. 47.1; *In re Garza*, 984 S.W.2d 344, 347 n.8 (Tex. App.—Amarillo 1998, no pet.).

## Conclusion

Having determined that the evidence is legally insufficient to support the trial court's adjudication that D.L. engaged in delinquent conduct, we reverse the trial court's adjudication and disposition order, render the judgment that the trial court should have rendered, and dismiss with prejudice the State's petition for adjudication of delinquency. Tex. R. App. P. 43.2(c); *In re Garza*, 984 S.W.2d at 347; Tex. Fam. Code § 54.03(g).


/s/     Kevin Jewell
       Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jewell.