

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00127-CV

_____

IN THE MATTER OF D.M.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-113581-20

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant D.M., a juvenile adjudicated delinquent and then committed to the custody of the Texas Juvenile Justice Department (TJJD) after he violated his probation, attempts to appeal from the trial court's order that sua sponte granted him a new trial on his disposition under Rule of Civil Procedure 320.[1]

On March 4, 2021, D.M. stipulated to the felony offense of evading arrest in a vehicle, *see* Tex. Penal Code Ann. § 38.04, and his contested disposition hearing was continued until March 17, when the trial court orally placed him on probation. The next day, the trial court sua sponte vacated its disposition ruling—but not its adjudication ruling—under Rule of Civil Procedure 320. The trial court signed the judgment of delinquency and order of probation on April 5. On April 6, D.M. violated the electronic-monitoring terms of his probation, and the State filed a motion to modify his disposition. The revocation-hearing evidence showed that D.M. had left home on April 6 without his probation officer's permission in contravention of his

---

[1]Juvenile delinquency proceedings are quasi-criminal, *In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013), but—with exceptions not applicable here—they are governed by the Rules of Civil Procedure. *See* Tex. Fam. Code Ann. § 51.17(a). Rule of Civil Procedure 320 provides that a trial court may sua sponte grant a new trial "on such terms as the court shall direct." Tex. R. Civ. P. 320; *In re D.L.*, 541 S.W.3d 917, 920 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (explaining that "adjudication" is when the trial court determines whether the juvenile engaged in delinquent conduct beyond a reasonable doubt and that "disposition" is "akin to sentencing"). *Cf.* Tex. Fam. Code Ann. § 56.01(b-1) (stating that a motion for new trial seeking to vacate an adjudication is governed by Rule of Appellate Procedure 21).

electronic-monitoring probation terms. At the conclusion of the modification hearing, the trial court revoked D.M.'s probation, and committed him to TJJD.

In two issues, D.M. complains that the trial court abused its discretion by ordering the new trial without stating a reason on the record[2] and that he was subjected to double jeopardy because "he was tried again on the exact same charge in a new hearing" that "resulted in a term of probation with differing conditions."[3]

A trial court's order granting a new trial during its plenary power is generally not subject to appellate review, either by direct appeal from the order or from a final judgment rendered after later proceedings. *Gibbons v. Luby's Inc.*, No. 02-12-00202-CV, 2015 WL 5116146, at *3 & n.10 (Tex. App.—Fort Worth Aug. 31, 2015, pet. denied) (mem. op.) (referencing *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 235–36 (Tex.

---

[2]The trial court stated that it granted the new trial "out of an abundance of caution" based on "additional evidence that cast . . . doubt on some of the testimony and evidence that was presented at the March 4th hearing."

[3]While a juvenile faced with delinquency proceedings is entitled to double-jeopardy protections, *In re S.G.*, 935 S.W.2d 919, 923 (Tex. App.—San Antonio 1996, writ dism'd w.o.j.), the only issue presented here is D.M.'s disposition—not his adjudication—and the record reflects that D.M. was not punished multiple times for the evading-arrest offense to which he stipulated and for which he was adjudicated delinquent. *Cf. Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (explaining that a multiple-punishments claim arises in two contexts: (1) when the same conduct is punished twice, once for the basic conduct and a second time for the same conduct plus more and (2) the same criminal act is punished twice under two distinct statutes when the Legislature intended the conduct to be punished only once).

1984));[4] *see Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (citing *Cummins* and explaining that when a motion for new trial is granted, "the court essentially wipes the slate clean and starts over");[5] *In re E.H.*, No. 02-19-00084-CV, 2019 WL 2429412, at *1 (Tex. App.—Fort Worth June 6, 2019, no pet.) (per curiam) (mem. op.) (dismissing attempted appeal of new-trial order for want of jurisdiction); *see also Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) ("An order granting a new trial is an unappealable, interlocutory order."). A new-trial order may instead be reviewed through a petition for mandamus relief. *See In re Wagner*, 560 S.W.3d 309, 318–19, 323 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding [mand. denied]) (op. on reh'g) (referencing *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 209–10 (Tex. 2009) (orig. proceeding), and its progeny for the proposition that when a trial court grants a new trial after a jury trial, the new-trial order must state a reason for granting it and such a ruling may be reviewed by mandamus for an abuse of discretion and for appellate-remedy adequacy); *cf. S.G.*, 935 S.W.2d at 922–23 (noting that the

---

[4]In *Cummins*, the supreme court held that a trial court's order setting aside a default judgment and granting a motion for new trial was not reviewable on appeal when the motion for new trial was timely filed and the trial court granted the motion during its plenary power. 682 S.W.2d at 235–36.

[5]In *Wilkins*, the supreme court recited that the only circumstances under which an appellate court may overturn a trial court's grant of a new trial are (1) when the trial court's order is wholly void or (2) when the trial court has specified in its written order that the sole ground for granting the new-trial motion is that the jury's answers to special issues are irreconcilably conflicting. 160 S.W.3d at 563. Neither circumstance applies here.

appellant appealed not from the trial court's order granting a mistrial but rather from the trial court's order denying habeas relief on his double-jeopardy argument).

Because the trial court's new-trial order here was rendered while the trial court retained plenary power over the case, it is not subject to appellate review. *See Gibbons*, 2015 WL 5116146, at *3; *see also Wilkins*, 160 S.W.3d at 563; *Cummins*, 682 S.W.2d at 235–36. Accordingly, we overrule D.M.'s two issues and dismiss the appeal. *See Fruehauf Corp.*, 848 S.W.2d at 84; *E.H.*, 2019 WL 2429412, at *1.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  February 24, 2022